# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DARRELL LYNN CHAFFIN**                                              **PLAINTIFF**

**V.**                                                          **CASE NO. 2:12-CV-188-KS-MTP**

**WARDEN HERBERT DAVIS, et al.**                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon the Plaintiff's failure to comply with certain court orders. Darrell Chaffin, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on October 25, 2012. Based on the record and applicable law, the Court finds that this case should be dismissed without prejudice.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)).

### DISCUSSION

By Order [24] dated March 12, 2013, the Court set an omnibus hearing and case management conference in this case for April 23, 2013, at 11:30 a.m. Mr. Chaffin failed to

appear at that hearing despite having been advised that he could be sanctioned by the Court as provided by the Federal Rules of Civil Procedure if he failed in good faith to prepare for it. By Order [30] dated April 24, 2013, the Court directed the Plaintiff to personally appear for a show cause hearing on May 24, 2013, at 11:00 a.m., and explain why his case should not be dismissed for failure to comply with court orders and for failure to prosecute. Mr. Chaffin also did not appear at that hearing.

Throughout the history of this case, the Plaintiff has been repeatedly warned that it is his responsibility to prosecute this case and that his failure to comply with any order of this Court may result in the dismissal of his case. *See* Orders [4][10][11][13][16]. Despite these admonitions, the Plaintiff has failed to actively pursue this lawsuit or otherwise show cause why it should not be dismissed. Therefore, this case is ripe for dismissal under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with a court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). As it appears that Mr. Chaffin has lost interest in pursuing his lawsuit and has abandoned it, this case should be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that this lawsuit be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

THIS, the 24th day of May, 2013.

**/s/MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE